11-3219-cv(L)
*Drobner, et al. v. China North East Petroleum Holdings Limited, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

> At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> *Circuit Judges.*

---

SHERWIN DROBNER, JONO NICOLN, derivatively on behalf of China North East Petroleum Holdings Limited, JUDITH STRICKLAND, derivatively on behalf of nominal defendant China North East Petroleum Holdings Limited,

> *Plaintiffs-Appellants,*

> v.

ROBERT C. BRUCE, WANG HONGJUN, ZHANG YANG DIO, JU GUIZHI, YU LIGUO, EDWARD RULE, RUISHI HU, LI JINGFU,

> *Defendants-Appellees,*

CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, a Nevada Corporation,

> *Nominal Defendant-Appellee.*[1]

Nos. 11-3219-cv(L); 11-3230-cv(CON); 11-3235-cv(CON)

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

**FOR SHERWIN DROBNER:**    Richard A. Speirs, Cohen Milstein Sellers & Toll PLLC, New York, NY; Robert C. Schubert, Willem F. Jonckheer, Schubert Jonckheer & Kolbe LLP, San Francisco, CA; Aaron H. Darsky, Aaron Darsky, P.C., San Francisco, CA.

**FOR JONO NICOLN:**    Seth D. Rigrodsky, Timothy J. MacFall, Rigrodsky & Long, P.A., Garden City, NY; Robert B. Weiser, Brett D. Stecker, Jeffrey J. Ciarlanto, Berwyn, PA.

**FOR JUDITH STRICKLAND:**    Seth D. Rigrodsky, Timothy J. MacFall, Rigrodsky & Long, P.A., Garden City, NY.

**FOR CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED:**    Michael J. Coffino, Jaime J. Santos, Coffino Law Group, LLP, San Francisco, CA.

Appeal from an order of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's July 8, 2011 order is **AFFIRMED**.

Plaintiffs-appellants Sherwin Drobner, Jono Nicoln, and Judith Strickland (jointly, "plaintiffs") appeal from the District Court's July 8, 2011 order denying their Federal Rule of Civil Procedure 59(e) motion. We assume the parties' familiarity with the underlying facts and the procedural history of the case, some of which we briefly mention here.

## BACKGROUND

In July and August 2010, plaintiffs filed three shareholder derivative actions against current and former directors and executives of China North East Petroleum Holdings Limited ("China North"). On February 22, 2011, plaintiffs filed a single amended complaint ("Amended Complaint"), naming Wang Hongjun, Yu Liguo, Robert C. Bruce, Edward M. Rule, Li Jingfu, Zhang Yang Dio, Ju Guizhi, and Ruishi Hu as defendants. The Amended Complaint was only served on China North and Bruce.

In April 2011, China North and Bruce separately moved to dismiss the Amended Complaint. In particular, Bruce argued that plaintiffs had failed to allege with particularity that he breached any fiduciary duty, and China North argued that plaintiffs had failed to plead demand futility. The District Court ordered a hearing on the motions on May 26, 2011.

2

At the outset of the hearing, the District Court noted that inasmuch as Bruce was the only non-nominal defendant served in these actions, "if he is successful in being dismissed, that is the end of the action[s]." Bruce's counsel then argued the merits of his motion to dismiss, specifically asserting that plaintiffs did not allege with the requisite particularity that Bruce's conduct involved "intentional misconduct, fraud or a knowing violation of law," as required under the applicable Nevada law to state a claim for breach of fiduciary duty. The District Court granted Bruce's motion to dismiss "[f]or the reasons stated by counsel" and dismissed the actions, inasmuch as Bruce was the only non-nominal defendant who had been served. Judgment was entered on May 27, 2011.

On June 2, 2011, plaintiffs' counsel filed a motion, pursuant to Federal Rule of Civil Procedure 59(e), seeking to alter the judgment. In that motion, plaintiffs stated that they "do not challenge the Court's dismissal of the claims asserted against defendant Robert C. Bruce . . . ." *Strickland v. Hongjun*, No. 10 Civ. 5445 (MGC), Dkt. No. 49, at 1 (emphasis omitted). Rather, plaintiffs only requested "amendment of the [j]udgment solely to afford them the opportunity to continue their efforts to effect service of process . . . upon the remaining individual defendants . . . , each of whom are (upon information and belief) located in the People's Republic of China." *Id.*

The District Court denied plaintiffs' Rule 59(e) motion on July 8, 2011. In doing so, it first noted that reconsideration under Rule 59(e) "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Strickland v. Hongjun*, No. 10 Civ. 5445 (MGC), 2011 WL 2671895, at *1 (S.D.N.Y. July 8, 2011) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). It then stated that "[p]laintiffs do not point to any such overlooked law or evidence. Instead, they use Rule 59(e) as a request for an extension of time to serve the defendants that have never been served." *Id.* Finally, the District Court held that "[i]n any event, it would be futile to extend the time for service" because "any time to effect service would simply postpone an eventual dismissal for failure to state a claim upon which relief can be granted" because plaintiffs have failed to allege demand futility. *Id.* at *1, *3.

Plaintiffs appealed the District Court's order denying their Rule 59(e) motion only.

**DISCUSSION**

We review the denial of a motion to amend the judgment under Rule 59(e) for abuse of discretion. *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)).

After reviewing the record, we cannot conclude that the District Court erred, let alone "abused its discretion," in denying plaintiffs' Rule 59(e) motion because we agree with the District Court that granting plaintiffs' motion would have been futile, substantially for the reasons stated by the District Court in its July 8, 2011 order.[2] *See Strickland*, 2011 WL 2671895, at *2 ("But the test for demand futility is not whether a shareholder reasonably expects the board to refuse a demand, but rather whether there is reasonable doubt as to the board's impartiality to consider a demand. The board's alleged response to Bruce's recommendation does not create any such reasonable doubt. China North had already undertaken an investigation into its accounting and internal controls. In addressing the board, Bruce conceded that this investigation did not uncover any unlawful conduct. Thus, this is not an instance of a board disregarding red flags." (internal citation omitted)).

## CONCLUSION

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 8, 2011 order, which denied plaintiffs' Rule 59(e) motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]  In light of this conclusion, we do not consider China North's arguments that plaintiffs waived any claim that they satisfied Rule 59(e) or that their motion met the applicable Rule 59(e) standards.

4